## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATHANIEL CARY JR.,

               Plaintiff,

      v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,

               Defendant.

Civil Action No. 23-3469 (JMC)

## <u>MEMORANDUM OPINION</u>

Before the Court is Defendant Washington Metropolitan Area Transit Authority's (WMATA) motion to dismiss Plaintiff Nathaniel Cary Jr.'s complaint. ECF 5. WMATA filed its motion to dismiss on December 7, 2023, which included a certificate of service confirming that the motion had been served on Plaintiff by mail. ECF 5-1 at 8. On December 8, 2023, the Court issued an order advising Cary, a pro se litigant, that if he did not file a response to WMATA's motion to dismiss, "the Court may (1) treat the motion as conceded; (2) rule on Defendant's motion based on Defendant's arguments alone and without considering Plaintiff's arguments; or (3) dismiss Plaintiff's claims for failure to prosecute." ECF 6 at 1 (citing LCvR 7(b) and *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990)). Because Cary is pro se, the Court extended the deadline for his response, giving him until January 19, 2024, to file his opposition. *Id.* at 2. The docket reflects that the clerk of court mailed the Court's order to Cary's address of record on December 11, 2023.

To date, Cary has not responded to WMATA's motion to dismiss, requested an extension of the deadline to oppose, or taken any other steps to prosecute this case. Accordingly, the Court

will grant Defendant's motion as conceded. But the Court would reach the same conclusion on the merits because Cary's claims are barred and untimely.

Cary has brought a personal injury negligence action to recover for two on-the-job injuries that he alleges he suffered while working for WMATA. ECF 1-1. However, his claims are barred by the workers' compensation statutes in the potentially applicable jurisdictions, which provide his exclusive remedies for any claim of workplace injury.[1] *See* D.C. Code Ann. § 32-1504(a) ("The liability of an employer prescribed in § 32-1503 shall be exclusive and in place of all liability of such employer to the employee . . . ."); Md. Code Ann., Lab. & Empl. § 9-509(a) ("Except as otherwise provided in this title, the liability of an employer under this title is exclusive."); Va. Code Ann. § 65.2-307(A) (stating that an employee's rights and remedies under the Virginia Workers' Compensation Act "shall exclude all other rights and remedies of such employee"). Because Cary did not respond to Defendant's motion, he has offered no argument why he should be relieved from the provisions of the applicable statute.

Additionally, Cary's claims are time-barred. His complaint alleges that his injuries occurred in 2015 and 2018. ECF 1-1 at 1–2. The District of Columbia and Maryland have a three-year statute of limitations period for personal injury claims. D.C. Code Ann. § 12-301(a)(8); Md. Code Ann., Cts. & Jud. Proc. § 5-101. Virginia's statute of limitations period for such claims is two years. Va. Code Ann. § 8.01-243(A). Cary did not file this action until October 2023. ECF 1-1. Accordingly, the relevant statutes of limitations have lapsed and it is too late for him to bring this suit.

---

[1] Cary's complaint alleges that his first injury happened at a WMATA metro station in Virginia. ECF 1-1 at 1. Defendant's motion includes as an exhibit Cary's records from the Workers' Compensation Commission in Maryland and lists Cary's home address in Maryland. ECF 5-3 at 1. Rather than make choice of law arguments at this stage, Defendant's motion considers applicable law in this District, Maryland, and Virginia for the sake of completeness. The Court will do the same.

Because Cary failed to respond to WMATA's motion to dismiss, and because his claims are barred and untimely, Defendant's motion to dismiss is **GRANTED** and this case is **DISMISSED**. A separate order accompanies this opinion.

_____
JIA M. COBB
United States District Judge

Date: February 8, 2024